**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Hesperia, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM LAYNE, individually, | **CASE NO.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| v. | **1. Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Force)** |
| CITY OF HESPERIA, a municipal entity, and DOES 1 through 10, inclusive, | |
| Defendants. | **2. Violations of Civil Rights (42 U.S.C. § 1983) (Based on Policy, of Inadequate Training)** |

## JURISDICTION AND VENUE

1.  Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2.  Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

**PARTIES**

3.    Plaintiff ADAM LAYNE (hereinafter sometimes referred to as "Plaintiff") is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California.

4.    Defendant CITY OF HESPERIA (hereinafter sometimes referred to as "CITY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

5.    Plaintiff is informed and believes, and thereupon alleges, that DEFENDANT DOE OFFICER ("DEFENDANT DOE OFFICER) is, and at all relevant times mentioned herein was, a resident of the County of SAN BERNARDINO  and State of California. Further, at all times relevant to the acts and omissions herein alleged, DEFENDANT DOE OFFICER was a sworn peace officer employed by the Defendant CITY and the HESPERIA Police Department.

6.    On or around February 27, 2024, a timely Claim for Damages was submitted to the City of HESPERIA, in substantial compliance with California Government Code § 910, et seq. At the time of the filing of this Complaint, said claim has been denied.

7.    Plaintiff is unaware of the true names and capacities of DEFENDANT DOE OFFICER named as an individual defendant herein. Plaintiff will amend this Complaint to allege said Defendant's true names and capacities when that information becomes known to Plaintiff.

8.    Plaintiff is informed, believes, and thereon alleges that said DEFENDANT DOE OFFICER is legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent intentional, willful, or wanton misconduct in creating and otherwise

causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matter herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DEFENDANT DOE OFFICER when ascertained.

9.     Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his or her official capacity.

10.     Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

**FACTS COMMON TO ALL COUNTS**

11.     This Complaint concerns the extreme and protracted officer-involved infliction of blunt force trauma by DEFENDANT DOE OFFICER against Plaintiff ADAM LAYNE. The subject incident occurred on September 1, 2023, at or around Plaintiff's residence, 14606 Orange Street, in the City of Hesperia. At the time of the subject incident, Plaintiff was peacefully present at or around his residence when, without warning, DEFENDANT DOE OFFICER who, while acting under color of law and in the course and scope of his employment with the CITY OF HESPERIA and the HESPERIA Police Department, negligently assessed the circumstances presented to him, and proceeded to assault and batter Plaintiff by acts which included, but were not limited to, repeatedly and severely punching Plaintiff, who was unarmed, multiple times and slamming Plaintiff's body to the ground with great force, resulting in severe blunt force trauma to Plaintiff's torso, arm, and head.

12.     At all times relevant to the acts and omissions herein alleged, Plaintiff was engaged in no criminal activity, was not wanted in connection with any criminal activity, had no warrants or wants by any law enforcement agency, and was not

1    engaged in any activities or actions that would warrant the use of any quantum of

2    police force against him. Notwithstanding these facts, DEFENDANT DOE

3    OFFICER, caused Plaintiff to subjected to excessive, unreasonable, and potentially

4    deadly force in a manner not warranted by any reasonable law enforcement

5    objective.

6        13.    Upon information and belief, Plaintiff further contends that

7    DEFENDANT DOE OFFICER was negligently hired, trained, and retained by the

8    City of HESPERIA and the HESPERIA Police Department, in that it was or should

9    have been plainly obvious to the City of HESPERIA and the HESPERIA Police

10   Department that DEFENDANT DOE OFFICER was prone to use force excessive

11   and unreasonable force against suspects and civilians without reasonable

12   justification, and in a manner that demonstrates callous disregard for the rights and

13   safety of persons, and to assault and batter persons and/or use unnecessary,

14   unreasonable and/or unlawful physical force without reasonable justification, all of

15   which was a further and proximate cause of the injuries to Plaintiff.

16       14.    Plaintiff further contends that his injuries were the proximate result of

17   unconstitutional policies and customs of the City of HESPERIA and the HESPERIA

18   Police Department which include, but are not limited to, inadequately training and

19   supervising officers with respect to the reasonable and proper use of force,

20   inadequately training and supervising  officers with respect to the reasonable and

21   proper police procedures for the detention and arrest suspects, and deliberately and

22   consciously approving, endorsing, and ratifying unconstitutional seizures,

23   unconstitutional uses of excessive force, and other unconstitutional acts.

24    **FOR THE FIRST CAUSE OF ACTION**
     **(Against DEFENDANT DOE 1**
25    **For Violations of Civil Rights)**
26    **[42 U.S.C. §1983]**
     **(Based on Unreasonable Use of Force)**
27

28       15.    Plaintiff restates and incorporates by reference the foregoing

paragraphs of this Complaint as if set forth in full at this point.

16.    This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of Plaintiff's person.

17.    Plaintiff is informed, believes, and thereupon alleges that at all times mentioned herein, the Defendant CITY employed DEFENDANT DOE OFFICER, and provided him with official badges and identification cards which designated and described him as an employee of the Defendant CITY and the HESPERIA Police Department.

18.    Plaintiff is informed, believes, and thereon alleges that at all times relevant to the acts and omissions herein alleged, DEFENDANT DOE OFFICER acted under color of law as a peace officer, and was employed by the Defendant CITY and the HESPERIA Police Department, and acted in the course and scope of his employment with the Defendant CITY and the HESPERIA Police Department.

19.    On September 1, 2023, at or around 14606 Orange Street, in the City of Hesperia, Plaintiff was peacefully present at or around his residence when, without warning, DEFENDANT DOE OFFICER who, while acting under color of law and in the course and scope of his employment with the CITY OF HESPERIA and the HESPERIA Police Department, negligently assessed the circumstances presented to him, and assaulted plaintiff with great force, thereby inflicting severe and permanent injuries against Plaintiff.

20.    At all times relevant to the acts and omissions herein alleged, Plaintiff had committed no criminal activity, was not wanted in connection with any criminal activity, had no warrants or wants by any law enforcement agency, and was not engaged in any activity or action that would warrant the use of any quantum of police force against him. Notwithstanding these facts, DEFENDANT DOE

OFFICER, assaulted plaintiff in such a manner as to cause debilitating, and permanent injuries to Plaintiff, proximately caused Plaintiff to subjected to unreasonable and potentially deadly force in a manner not warranted by any reasonable law enforcement objective.

21.     Throughout the time in which Plaintiff was subjected to the unreasonable and the excessive force Plaintiff was not resisting or fleeing DEFENDANT DOE OFFICER, and made no aggressive movements, furtive gestures, or physical movements suggesting any propensity for violence, and was not undertaking any actions which would have led a reasonable law enforcement officer to believe that Plaintiff was armed with any kind of weapon, or posed a threat to the safety of any person. Accordingly, Plaintiff did nothing to justify the force used against him, and the same was excessive, unnecessary, and unlawful.

22.     At all times mentioned herein, DEFENDANT DOE OFFICER acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant CITY, and deprived Plaintiff of the rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of Plaintiff's person.

23.     Plaintiff had the right to be free from unreasonable governmental seizures of his person, a right which was secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of DEFENDANT DOE OFFICER, which proximately caused Plaintiff to suffer severe and debilitating injuries caused by DEFENDANT DOE OFFICER 'S unreasonable use of force.

24.     Plaintiff is informed and believes, and thereupon alleges, that in unreasonably seizing Plaintiff's person, as described in the foregoing paragraphs of this Complaint, DEFENDANT DOE OFFICER acted outside the scope of his

jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, and with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive Plaintiff of federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against this individual defendant in an amount to be proven at the trial of this matter.

25.    As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of DEFENDANT DOE OFFICER, Plaintiff was placed in great fear of the loss of life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to Plaintiff's damage in a sum to be determined at trial. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of DEFENDANT DOE OFFICER, Plaintiff was subjected to the unreasonable and excessive force on September 1, 2024, and was severely and permanently injured.

26.    As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendants, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for Plaintiff, and has incurred expenses for emergent medical services, treatment, and care and other medical services, treatment, and care in an amount according to proof at trial.

27.    Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

### FOR THE SECOND CAUSE OF ACTION

**(Against Defendant CITY OF HESPERIA for Violations of Civil Rights [42 U.S.C. § 1983])**
**(Based on Policy of Inadequate Training)**

28.    Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

29.    This cause of action is brought on behalf of Plaintiff, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from arbitrary and unreasonable seizures into his family unit.

30.    Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, the Defendant CITY employed the individual Defendants named herein, including Defendant Officers. The Defendant CITY provided its individual employees and agents, including Defendant Officers, with official badges and identification cards which designated and described the bearers as employees of the Defendant CITY and the Hesperia Police Department.

31.    At all times relevant to the acts and omissions herein alleged, Defendant Officers were employed by the Defendant CITY and the Hesperia Police Department, and were acting under color of state law and within the course and scope of their employment with the Defendant CITY and the Hesperia Police Department.

32.    As set forth in the foregoing paragraphs of this Complaint, Defendant Officers, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Hesperia Police Department, violated Plaintiff's Fourth Amendment Rights by acts which included, but were not limited to, using excessive and unreasonable force against Plaintiff in a manner that shocks the conscience.

33.     Plaintiff is informed, believes, and thereon alleges that Defendant's use of excessive and unreasonable force against Plaintiff, an unarmed man who posed no immediate threat of bodily injury to Defendant,  nor any other person, demonstrated that Defendant's training was inadequate to properly train them to handle the usual and recurring situations faced by Hesperia Police Department Officers, as evidenced by the following specific actions and omissions of Defendant Doe Officer in their response to the subject incident:

a.     The tactical standard of care for law enforcement agencies similarly situated to the Hesperia Police Department is for law enforcement Officers employed by such agencies to utilize additional officers, departmental personnel, and/or departmental resources to assist them when approaching and/or attempting to arrest and/or detain suspects and/or potential arrestees whom the officers believe may possibly pose a threat to the safety of the officers and/or third parties. Both prior to and during the time in which Defendant Doe Officer used excessive and unreasonable force against Plaintiff, said Officer acted in flagrant contravention of this well established standard of care.

b.     The tactical standard of care for law enforcement agencies similarly situated to the Hesperia Police Department is for law enforcement Officers employed by such agencies, whenever possible, to issue commands and warnings that are clear and intelligible to suspects and/or potential arrestees prior to employing force. Both prior to and during the time in which Defendant Officers used excessive and unreasonable force against Plaintiff, said Officer acted in flagrant contravention of this well established standard of care.

c.     The tactical standard of care for law enforcement agencies similarly situated to the Hesperia Police Department is for law enforcement Officers employed by such agencies to keep a safe distance from suspects whom the

Officers believe may possibly pose a threat to their safety so as to obtain the tactical advantage of distance from a potential threat. Both prior to and during the time in which Defendant Doe Officer used excessive and unreasonable force against Plaintiff, said Officer acted in flagrant contravention of this well established standard of care.

34.     Plaintiff is informed, believes, and thereon alleges that prior to April 19, 2020, Defendant Officers received training and instruction in police tactics and procedures from the Hesperia Police Department in ways which included, but were not limited to, their attendance at a police academy, their attendance at departmental briefings, their attendance at mandatory and voluntary training seminars, their attendance at roll call at their respective station(s) prior to their assigned shift(s), their receipt of departmental training manuals, their receipt of departmental training bulletins, and their receipt of additional departmental correspondence and electronic mails.

35.     Plaintiff is informed, believes, and thereon alleges that both prior to the subject incident, encounters with individuals like Plaintiff were common among Hesperia Police Department Officers similarly situated to Defendant Officers, and such encounters were a recurring situation faced by Hesperia Police Department Officers similarly situated to Defendant Officers.

36.     Plaintiff is informed, believes, and thereon alleges that those individuals responsible for training Defendant Doe Officer, including, but not limited to, his respective field training officers, watch commanders, shift commanders, training officers, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking officers, and authorized policy makers and decisions makers within the Hesperia Police Department, the identities of whom are presently unknown to Plaintiff, knew, or in the exercise of reasonable diligence should have known, that the obvious consequences of the failure to

implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to officers similarly situated to Defendant Officer would be that individuals who do not pose an immediate threat of death of serious bodily injury to any person, such as Plaintiff, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force.

37.    Plaintiff is further informed and believes, and thereon alleges, that notwithstanding the fact that the training personnel responsible for training Defendant Officer, including, but not limited to, his respective field training officers, watch commanders, shift commanders, training officers, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking officers, and authorized policy makers and decisions makers within the Hesperia Police Department, the identities of whom are presently unknown to Plaintiff, knew, or in the exercise of reasonable diligence should have known, that the obvious consequences of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to officers similarly situated to Defendant Doe Officer would be that individuals who do not pose an immediate threat of death of serious bodily injury to any person, such as Plaintiff, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force, said training personnel, and each of them, deliberately and consciously failed to provide adequate tactical training in the above enumerated areas.

38.    Plaintiff is informed, believes, and thereon alleges that the failure of the Defendant CITY and the Hesperia Police Department to provide adequate training to Defendant Doe Officer, as described in the foregoing paragraphs of this Complaint, directly and proximately caused Plaintiff to suffer civil rights violations set forth in the Fourth Amendment to the United States Constitution as discussed herein.

39.     As direct and proximate results of the wrongful, intentional, and malicious acts and omissions of Defendant Doe Officer, Plaintiff suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life all to his damage in a sum to be determined at trial.

40.     As a further proximate result of the above-described conduct of the Defendants, and each of them, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

41.     Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C § 1988.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.     For funeral and burial related expenses according to proof at trial;

2.     For compensatory damages, including wrongful death damages and survival damages, in an amount according to proof at trial;

3.     For costs of suit incurred herein;

4.     For attorneys' fees incurred herein, as provided by law;

5.     For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

6.     For such other and further relief as the Court deems just and proper.

### <u>JURY DEMAND</u>

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

DATED:  August 13, 2024          **THE COCHRAN FIRM CALIFORNIA**


By/s/ *Brian T. Dunn*          .
Attorneys for Plaintiff
ADAM LAYNE