**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Telephone: (323) 435-8205
Facsimile: (323) 282-5280
Attorneys for Plaintiff

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM LAYNE, individually,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CARREON, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO.: 5:24-cv-01721-KK-ACCV**<br><br>[Assigned to the Hon. Kenly Kiya Kato, United States District Judge]<br><br>**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>**Pretrial Conference**<br>Date:    April 30, 2026<br>Time:    10:30 a.m.<br>Courtroom: 3<br><br>**Trial Date**:    May 18, 2026 |

**TO THE HONORABLE KENLY KIYA KATO, UNITED STATES DISCRICT COURT JUDGE, AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD HEREIN**:

Pursuant to Local Rule 16-4, Plaintiff hereby submits the following Memorandum of Contentions of Fact and Law.:

# I.

## CLAIMS AND DEFENSES

**A.    Plaintiff's Claims**

**<u>Claim 1:</u>    Civil Rights Violations - 42 U.S.C. § 1983**

Plaintiff contends that Deputy Carreon used unreasonable force against Adam Layne when he engaged in a takedown procedure that involved body slamming Adam Layne face first to the ground, resulting in serious and permanent injuries to Mr. Layne.

The Fourth Amendment to the United States Constitution prohibits the use of excessive force by police in the course of apprehending suspected criminals. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). An officer's use of force is only constitutional under the Fourth Amendment if it is objectively reasonable in light of the facts and circumstances confronting him. *Id.* at 397. The reasonableness inquiry in an excessive force case takes the totality of the circumstances into account, and "'requires a careful balancing of the 'nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake.'" *Glenn v. Washington Cnty.,* 673 F.3d 864, 871-72 (9th Cir. 2013.) In other words, "the force which is applied must be balanced against the need for that force.'" *Deorle v. Rutherford*, 272 F.3d 1272, 1279 (9th Cir. 2001). "A desire to resolve quickly a potentially dangerous situation is not the type of governmental interest that, standing alone, justifies the use of force that may cause serious injury." *Id.* at 1281. Nor is "a simple statement by an officer that he fears for his safety or the safety of others . . . enough; there must be objective factors to justify such a concern." *Id.*

Elements:

1.    Deputy Matthew Carreon used unreasonable force to arrest Adam Layne, overcome Adam Layne's resistance, prevent Adam Layne's escape, or defend himself against Adam Layne;

2.    Adam Layne was harmed; and

3.    Deputy Carreon's use of unreasonable force was a substantial factor in

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

2

causing Adam Layne's harm.

**B.    Key Evidence:**

**Key Testimony:**

1.    Deputy Matthew Carreon

2.    Joshua Layne

3.    Deputy Humberto Enciso

4.    Expert Roger Clark

**Key Documents and Other Evidence:**

1.    Belt Recording of Matthew Carreon;

2.    Photographs of Scene of Incident

3.    Photographs of Evidence at Scene of Shooting Incident

4.    Medical Records from Arrowhead Regional Medical Center

5.    Photographs of Adam Layne's Injuries

6.    Excerpts from Los Angeles Police Department's Policy Manual

7.    Excerpts from P.O.S.T. Learning Domain 20

8.    Excerpts from P.O.S.T. Learning Domain 33

9.    San Bernardino County Sheriff's Department reports and records pertaining to the subject incident

**C.    Counterclaims and Defenses**

Plaintiffs anticipate that Defendant Carreon will assert that his use of deadly force was objectively reasonable under the circumstances confronting him.

**II.**

**ANTICIPATED EVIDENTIARY ISSUES**

Plaintiffs intend to file the following motions in limine:

1.    Motion in Limine No. 1 to Exclude Evidence of Plaintiff's Prior Bad Acts;

2.    Motion in Limine No. 2 to Exclude Evidence of Medically Unsubstantiated Injuries:

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

3.   Motion in Limine No. 3 to Exclude Evidence of the Plaintiff's Drug and Alcohol Use.

4.   Motion in Limine No. 4 to Exclude Evidence of Conclusions of District Attorney's Office and San Bernardino County Sheriff's Department

5.   Motion in Limine No. 5 to Exclude Evidence of Criminal Proceedings of Nonparties Joshua and Pamela Layne

## III.

## BIFURCATION

Plaintiff does not request, and would oppose, any bifurcation of issues.

## IV.

## THIS TRIAL IS BY JURY

The issues herein are triable to a jury as a matter of right. The parties made timely demands for trial by jury.

## V.

## ATTORNEYS' FEES

Plaintiff is entitled to attorneys fees upon a finding of liability pursuant to 42 U.S.C. Sections 1983 and 1988.

## VI.

## ABANDONMENT OF ISSUES

Not applicable.

DATED: April 14, 2026          Respectfully submitted,


                               **THE COCHRAN FIRM CALIFORNIA**

                               By: /s/ *Brian T. Dunn*
                               _____
                                    BRIAN T. DUNN
                                    Attorneys for Plaintiff

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205